# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11392
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

J. JESUS JAIMES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-13-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

J. Jesus Jaimes appeals the 36-month sentence imposed after his guilty-plea conviction for illegal reentry after deportation. He argues that his sentence is substantively unreasonable. Assuming he preserved this argument in the district court, we review it for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11392

Jaimes argues that the district court failed to take into account any 18 U.S.C. § 3553(a) factors other than those involving his prior criminal and deportation history. Additionally, he contends that the district court failed to consider a factor that should have received significant weight when it failed to discuss whether his legal residency in the United States for 26 years and his reasons for returning to the United States affected his sentence. He also contends that the degree of the departure from his 15-to-21-month Guidelines range was unreasonable.

Jaimes has failed to establish that the district court abused its discretion in varying upwardly from the Guidelines range. The record supports a determination that the district court had an adequate basis for the sentence imposed and was guided by the Section 3553(a) factors in determining that an upward variance was justified. The district court stated that it had considered multiple Section 3553(a) factors. Jaimes's criminal history is a factor that a court may consider in deciding whether to impose a non-Guidelines sentence. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). There is no requirement that any aspect of a defendant's personal history and circumstances be afforded dispositive weight. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Jaimes's challenge to how the district court chose to weigh specific factors does not show that the district court erred. *See Gall*, 522 U.S. at 51. Additionally, his sentence, which was 15 months above the top of the applicable advisory Guidelines range, was not so disproportionate as to overcome the factors that warranted its imposition. *See United States v. Brantley,* 537 F.3d 347, 348–50 (5th Cir. 2008).

AFFIRMED.

2